UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL JOSEPH SERRIS, | No. 2:24-cv-02251-DAD-SCR |
| Plaintiff, | |
| v. | ORDER |
| SOLANO COUNTY, et al., | |
| Defendants. | |

      Plaintiff is proceeding pro se in this action, which was referred to the undersigned pursuant to Local Rule 302(c)(21). Plaintiff has filed a motion for leave to proceed in forma pauperis ("IFP"). *See* 28 U.S.C. § 1915(a)(1). The motion avers that Plaintiff is unable to pay the costs of these proceedings, and includes a statement of income and assets. The motion to proceed IFP will therefore be granted. However, for the reasons provided below, the Court finds Plaintiff's complaint is legally deficient and will grant Plaintiff leave to file an amended complaint.

I. SCREENING

    A.    <u>Legal Standard</u>

      The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In

reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B. The Complaint

Plaintiff's complaint, in the caption, names as defendants Solano County and four individuals. ECF No. 1 at 1. However, the body of the complaint lists only Solano County. *Id.* at 2. Further, there are no specific allegations against any defendant. Plaintiff sets forth a jurisdictional statement which claims this is an action under 42 U.S.C. § 1983, and asserts supplemental jurisdiction over state law claims. However, the complaint does not mention any state law causes of action, or describe the nature of the § 1983 claim. Plaintiff alleges only that he is a man living with disabilities, and that Solano County "facilitates the wrongful acts and unwritten customs detailed herein." *Id.* at 2. The two-page complaint does not describe any wrongful acts or customs. The complaint also states: "Plaintiff is hereby lodging this complaint to secure his rights and shall amend and refile as shortly as he is able." *Id.* at 1.

C. Analysis

The complaint fails to state a claim upon which relief can be granted. Plaintiff states he is bringing a § 1983 claim, but does not describe the Constitutional or federal statutory right he alleges has been violated. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). In order to state a claim under section 1983, a plaintiff is required to plead that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). It is unclear in what manner Plaintiff believes his federal rights were violated.

It appears that Plaintiff alleges Solano County violated his rights. A municipality may be

3

subject to liability under § 1983.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).  However, in order to establish liability under *Monell*, "a plaintiff must … establish that the local government had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation they suffered."  *Vanegas v. City of Pasadena*, 46 F.4th 1159, 1167 (9th Cir. 2022).  Plaintiff has not alleged a policy, custom, or practice.  Plaintiff has also named four individuals in the caption, but made no allegations against them.  Plaintiff does not allege whether the four individuals are local, state, or federal governmental actors, or whether they were otherwise acting under color of state law.

The complaint thus does not comply with Federal Rule of Civil Procedure 8(a)(2) as it does not contain a "short and plain" statement showing Plaintiff's entitlement to relief.  The exact nature of Plaintiff's claim is unclear from the complaint.  The complaint fails to state a claim and is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff appears to recognize the deficiency of the complaint, and states he will amend "shortly".  ECF No. 1 at ¶ 1.  However, more than 60 days have passed since the filing of the complaint.  Rather than recommending dismissal of the action, the undersigned will provide Plaintiff an opportunity to amend the complaint to allege facts supporting a cognizable cause of action.

## II.  AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, it must contain a short and plain statement of plaintiff's claims.  The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom.  *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what

facts support the legal claims being asserted against certain defendants"). The amended complaint should contain specific allegations as to the actions of each named defendant.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## III.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff **shall have 30 days from the date of this order** to file an amended complaint that addresses the defects set forth above. The amended complaint must comply with Rule 8. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.
3. Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: November 4, 2024

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE