UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL JOSEPH SERRIS, | No. 2:24-cv-02251-DAD-SCR |
| Plaintiff, | |
| v. | ORDER |
| SOLANO COUNTY, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se in this action, which is referred to the undersigned pursuant to Local Rule 302(c)(21). The Court previously granted Plaintiff's motion for leave to proceed in forma pauperis and screened his complaint pursuant to 28 U.S.C. § 1915(a)(1). ECF No. 3. The Court gave Plaintiff leave to file an amended complaint. Plaintiff filed a First Amended Complaint ("FAC") on December 4, 2024. The Court has reviewed the FAC and finds it is legally deficient but will grant Plaintiff leave to file a second amended complaint.

I. SCREENING

A.   Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil

1

Procedure. Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson*, 551 U.S. at 94. However, the court need not accept as true legal conclusions, even if cast as factual allegations. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B.     The First Amended Complaint

Plaintiff's FAC, in the caption, names as defendants Solano County and seven individuals. ECF No. 4 at 12. Plaintiff alleges that he is a disabled veteran and was discriminated against "during divorce proceedings in the Solano County Superior Court" (the "Superior Court"). ECF No. 4 at ¶ 1. Plaintiff claims violation of Title II of the Americans with Disabilities Act (ADA) and a violation of Due Process under the Fourteenth Amendment. *Id.* Plaintiff alleges he was denied meaningful access to his divorce proceedings by the Superior Court "[c]onducting critical hearings without effective accommodation for his hearing loss, Issuing orders and making decisions without ensuring his comprehension, Forcing him to perform physical labor on the community home despite his documented disabilities," and retaliating against him for seeking accommodation. *Id.* at ¶ 4.

The individual Defendants named include: 1) Judge Shauna Chastaine; 2) ADA coordinator for Solano County Arline Lisinki; 3) Sandy Serris, Plaintiff's ex-wife; 4) Linda Garrett, Plaintiff's attorney; 5) Sarah Russo, opposing counsel in divorce proceedings; 6) Amy Page, a realtor who sold marital property.[1] Plaintiff alleges his divorce proceedings commenced in 2015. ECF No. 4 at ¶ 34. Plaintiff was represented by counsel in these proceedings, but claims the Superior Court failed to provide him with functional hearing assistance. *Id.* at ¶¶ 35-36. The FAC then lists "specific instances of discrimination" that occurred in 2022. *Id.* at ¶¶ 37-51.

The FAC is incomplete.[2] For example, at paragraph 95, Plaintiff states "there is a lot more," but he is not including it for brevity and because it is "horrid and embarrass" [sic]. ECF No. 4 at 95. Plaintiff also states he "will redraft this portion soon," when referring to his "Causes

---

[1] A seventh individual Defendant is named in the caption, Jennifer Busby, but she is not listed in the parties section (¶¶ 13-21). She is described elsewhere in the FAC as a "court clerk" (¶ 57).
[2] Plaintiff's original complaint was also incomplete and Plaintiff stated he was "lodging this complaint to secure his rights and shall amend and refile shortly as he is able." ECF No. 1 at ¶1.

3

of Action" section. *Id.* at ¶ 96. The "Causes of Action" section does not describe any causes of action. The relief requested section does not seek any specific injunctive relief and does not seek monetary relief. It only seeks to "proceed to discovery," accommodations in this Court, and such other relief as it just and proper. ECF No. 4 at 11-12.

### C. Analysis

Plaintiff's FAC is incomplete and fails to state a claim upon which relief can be granted. As set forth above, the "Causes of Action" portion of the FAC does not list any causes of action. The FAC also fails to comply with Federal Rule of Civil Procedure 8(a)(3) as it does not seek specific relief. Plaintiff's original complaint stated he was bringing the action under 42 U.S.C. § 1983; Plaintiff now states he is pursuing an ADA claim and a due process claim. Plaintiff's due process claim would still be a § 1983 claim. In order to state a claim under section 1983, a plaintiff is required to plead that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021).

It appears Plaintiff is seeking to sue a state court judge, other court employees, his ex-wife, private attorneys, and realtor under § 1983 for violating his Due Process rights. Several of these individuals are not alleged to be acting under color of state law – such as Plaintiff's ex-wife, realtor, and the attorneys involved in a divorce proceeding. Generally, private parties are not acting under color of state law. See *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991); *Simmons v. Sacramento County Sup. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (explaining that a lawyer in private practice generally does not act under color of state law).

Additionally, some of the Defendants would have immunity in a lawsuit for damages. "Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). Plaintiff has also sued a court clerk. "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Acres Bonusing, Inc. v. Marston*, 17 F.4th 901, 916 (9th Cir. 2021). Plaintiff could not successfully assert a § 1983 claim against Solano County Superior Court because the court has

Eleventh Amendment immunity. *See Simmons*, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the Sacramento County Superior Court (or its employees), because such suits are barred by the Eleventh Amendment.").

Plaintiff also alleges he is bringing a claim under Title II of the ADA. In order to show that a public program or service violated Title II of the ADA, "a plaintiff must show: (1) he is a 'qualified individual with a disability'; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001). Plaintiff has alleged he is disabled and that he was denied meaningful participation in the divorce proceedings. Plaintiff may be able to state a claim concerning denial of reasonable accommodation for his hearing loss. See *Duvall*, 260 F.3d at 1136-37. However, as currently pled, Plaintiff fails to state a claim. Plaintiff has not alleged specific facts showing that he was excluded from participation in or denied the benefits of the Superior Court's services, programs, or activities, or was otherwise discriminated against by the Superior Court. In order to do so, Plaintiff must do more than assert legal conclusions cast as factual allegations.

The FAC also fails to seek clear relief. At one point, Plaintiff states he seeks "prospective injunctive relief" (ECF No. 4 at ¶ 8), but that relief is not described. Plaintiff alleges the divorce proceedings began in 2015 and most of the actions complained of occurred in 2022. ECF No. 4 at ¶¶ 36-44. It is unclear if the state court proceedings continue, and what prospective relief Plaintiff seeks. The "irreducible constitutional minimum of standing consists of three elements": 1) plaintiff must have suffered injury in fact; 2) that is fairly traceable to the challenged conduct of defendant; and 3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (internal citations omitted). The only relief sought is for "discovery" and "accommodations in this Federal Court for disabilities relevant." ECF No. 4 at 12. A plaintiff's burden to demonstrate redressability is "relatively modest," but the plaintiff must "show a substantial likelihood that the relief sought would redress the injury." *M.S. v. Brown*, 902 F.3d 1076, 1083 (9th Cir. 2018). The Court does not suggest Plaintiff cannot

5

establish redressability, but rather his current request for relief does not seek relief that would redress his alleged injury.

The FAC thus does not comply with Federal Rule of Civil Procedure 8(a) as it does not contain a "short and plain" statement showing Plaintiff's entitlement to relief.  The FAC fails to state a claim and is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff appears to recognize the FAC is incomplete and states he "will redraft this portion soon," and that "there is a lot more".  ECF No. 4 at ¶¶ 95-96.  Plaintiff is reminded that a complaint need not be lengthy, Federal Rule of Civil Procedure 8 calls for a "short and plain" statement.  However, Plaintiff must also plead more than conclusory statements.  Paragraphs 77 to 94 of the FAC consist largely of brief, conclusory phrases such as: "Systematic Discrimination and Retaliation;" "Pattern of denying or ignoring accommodation requests;" and "Continued discrimination in court proceedings."  Rather than recommending dismissal of the action, the undersigned will provide Plaintiff an opportunity to amend the complaint to allege facts supporting a cognizable cause of action and to allow Plaintiff to "redraft" and complete his pleading.

## II.  AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, it must contain a short and plain statement of plaintiff's claims.  The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

In amending the complaint, Plaintiff should keep in mind that federal district courts do not have jurisdiction to review final state court judgments.  *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).  The *Rooker-Feldman* doctrine prevents "a party losing in state court … from seeking what in substance would be appellate review of the state judgment in a United States district court."  *Henrich v. Valley View Dev.*, 474 F.3d 609, 611 (9th Cir. 2009); *see also Ignacio v.*

*Judges of U.S. Court of Appeals*, 453 F.3d 1160, 1165-66 (9th Cir. 2006) (affirming dismissal "because the complaint is nothing more than another attack on the California superior court's determination in [the plaintiff's] domestic case."). Divorce proceedings are traditional matters of state law for determination in state court. Thus, while Plaintiff may be able to seek review of practices used by the Superior Court in connection with his Superior Court proceeding, he cannot seek direct review of the outcome of that proceeding.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint should contain specific allegations as to the actions of each named defendant.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff **shall have 30 days from the date of this order** to file a further amended complaint that addresses the defects set forth above. The amended complaint shall be labeled "Second Amended Complaint." Plaintiff shall file a complete pleading and not assume he will be allowed to "redraft" or complete it later through a further opportunity to amend. If Plaintiff requires additional time to complete the Second Amended Complaint he may file a motion for extension of time. If Plaintiff fails to timely comply with this

order, the undersigned may recommend that this action be dismissed.

2. Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: January 27, 2025.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE