1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL JOSEPH SERRIS,<br><br>             Plaintiff,<br><br>      v.<br><br>SOLANO COUNTY, et al.,<br><br>             Defendants. | No.  2:24-cv-02251-DAD-SCR<br><br><br><br>ORDER |

Plaintiff is proceeding pro se in this action, which was accordingly referred to the undersigned by operation of Local Rule 302(c)(21).  The Court previously granted Plaintiff leave to proceed in forma pauperis ("IFP").  *See* 28 U.S.C. § 1915(a)(1).  Granting IFP status does not end the court's inquiry, however, as the Court is required by Section 1915(e)(2) to screen the complaint and must dismiss an action if it is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  The Court previously issued screening orders on Plaintiff's original and first amended complaints.  ECF Nos. 3 & 5.  Upon review of the second amended complaint ("SAC"), the Court concludes that, for screening purposes only, Plaintiff's claims are sufficiently cognizable and directs service.

////

////

1

# I.  SCREENING

## A.  Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).

## B.  The Complaint

Plaintiff's SAC names two defendants—Solano County and Arline Lisinski, the ADA coordinator for Solano County Superior Court.  ECF No. 7 at 4.  Plaintiff asserts federal question jurisdiction and cites to 42 U.S.C. § 1983 and the Americans with Disabilities Act.  ECF No. 7 at 2.  Plaintiff alleges he was discriminated against and denied access to state court proceedings.  Plaintiff alleges "specific instances of discrimination" that allegedly occurred during state court proceedings in 2022.  *Id.* at 5-6.  Plaintiff asserts eight causes of action and seeks monetary damages and declaratory and injunctive relief.  *Id.* at 21-23.

## C.  Analysis

Plaintiff's SAC (ECF No. 7) asserts a jurisdictional basis, contains a statement of his claim, and a request for relief.   It appears the gist of Plaintiff's complaint is that he is disabled and was denied reasonable access to state court proceedings in various ways, such as denying functional hearing assistance, or refusing to provide large-print documents.  ECF No. 7 at 10.  Plaintiff has raised a colorable claim. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).  Accordingly, for screening purposes only, the Court concludes that Plaintiff's claims are sufficiently cognizable and directs service.  This determination at screening does not preclude a future motion by Defendants pursuant to Federal Rule of Civil Procedure 12(b)(6) if

appropriate. *See Ingram v. Sterling*, 2016 WL 1211999, *4 (S.D. Cal. March 29, 2016) (noting that initial screening is performed by liberally construing the complaint and without the benefit of briefing by defendants and the screening order did not preclude consideration of a Rule 12(b)(6) motion).

## II.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Service of the Second Amended Complaint (ECF No. 7) is appropriate for the following Defendants: Solano County and Arline Lisinski.
2. The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Federal Rule of Civil Procedure 4, without prepayment of costs.
3. The Clerk of the Court shall send Plaintiff the above: one USM-285, one summons, a copy of the complaint, and an appropriate form for consent to trial by a magistrate judge.
4. Plaintiff is directed to supply the U.S. Marshal, **within 15 days** from the date this order is filed, all information needed by the Marshal to effect service of process, <u>and shall promptly file a statement with the court that said documents have been submitted to the United States Marshal</u>.  The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant in ¶ 1, above, at least:
   a. One completed summons;
   b. One completed USM-285 form;
   c. One copy of the endorsed filed complaint, with an extra copy for the U.S. Marshal;
   d. One copy of the instant order; and
   e. An appropriate form for consent to trial by a magistrate judge.
5. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on the Defendants within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

6. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

7. Failure to comply with this order may result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

DATED: April 7, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE