UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL JOSEPH SERRIS, | No. 2:24-cv-02251-DAD-SCR |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SOLANO COUNTY, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has failed to comply with the Court's order directing service (ECF No. 8) and failed to respond to the Court's order to show cause why the action should not be dismissed for failure to prosecute (ECF No. 11). Accordingly, the Court now recommends that this action be dismissed without prejudice for failure to prosecute.

I.  **Background and Procedural History**

On August 19, 2024, Plaintiff filed a complaint and a motion to proceed in forma pauperis ("IFP"). ECF Nos. 1 and 2. On November 5, 2024, this Court screened the complaint per the screening process required by 28 U.S.C. § 1915(e)(2) and found the complaint was deficient in that it did not comply with Federal Rule of Civil Procedure 8 and failed to state a claim. ECF No.

1

3. The Court's order allowed Plaintiff 30 days to file an amended complaint, and instructed such amended complaint "must comply with Rule 8." *Id.* at 5.

On December 4, 2024, Plaintiff filed a first amended complaint ("FAC"). ECF No. 4. The Court screened the FAC and found it legally insufficient and incomplete. ECF No. 5. The Court noted that Plaintiff's complaint contained statements such as "there is a lot more," "will redraft this portion soon," and that the "Causes of Action" section of the FAC was incomplete and did not list any causes of action. *Id.* at 3-4. The Court allowed Plaintiff 30 days to file a second amended complaint ("SAC"). That time expired on February 27, 2025, and no SAC had been filed. The Court's order cautioned that failure to comply may result in a recommendation that the action be dismissed. *Id.* at 7-8.

On March 10, 2025, this Court issued an Order to Show Cause directing Plaintiff to file a SAC within 14 days, or otherwise show cause why the action should not be dismissed for failure to prosecute. ECF No. 6. Plaintiff then filed a SAC on March 24, 2025. ECF No. 7. The Court screened the SAC and issued an order directing service on April 8, 2025. ECF No. 8. That order provided in relevant part: "Plaintiff is directed to supply the U.S. Marshal, **within 15 days** from the date this order is filed, all information needed by the Marshal to effect service of process, and shall promptly file a statement with the court that said documents have been submitted to the United States Marshal." ECF No. 8 at 3 (emphasis in original). The order cautioned: "Failure to comply with this order may result in a recommendation that this action be dismissed." *Id.* at 4. Plaintiff should have filed the required statement by April 23, 2025. No statement was filed, no return of service has been filed, and no defendant has appeared.

Therefore, on June 12, 2025, the Court issued an Order to Show Cause. The order directed Plaintiff to show cause within 14 days why the action should not be dismissed for failure to prosecute. ECF No. 11. Plaintiff's response was due June 26, 2025, but no response was filed.

**II.     Analysis**

Plaintiff failed to comply with the Court's order directing service (ECF No. 8) and has not responded to the Court's order to show cause (ECF No. 11). Plaintiff was warned that failure to comply with the order directing service may result in dismissal. ECF No. 8 at 3. The Court has

2

considered the five factors set forth in *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), and concludes that dismissal is appropriate. In considering whether to dismiss a claim for failure to prosecute, the Court considers: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to defendants; 4) the availability of less drastic alternatives; and 5) the public policy favoring disposition of cases on their merits. *Id.* at 1260-61.

### 1. Public's interest in expeditious resolution of the litigation

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). This action was filed nearly a year ago, in August 2024. Plaintiff has not taken required action to serve the pleading in this action for over three months. Plaintiff earlier ignored other of the Court's orders for several months. This factor weighs in favor of dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 641 (9th Cir. 2002) ("Given Pagtalunan's failure to pursue the case for almost four months, this factor weighs in favor of dismissal.").

### 2. Court's need to manage its docket

In evaluating this factor, the trial court "is in the best position to determine whether the delay in a particular case interferes with docket management." *Pagtalunan*, 291 F.3d at 642. This case has been on the Court's docket for nearly a year. The Court has screened three complaints and issued two orders to show cause. The Court's need to manage its docket weighs in favor of dismissal, particularly given the heavy caseload in this District.

### 3. Risk of prejudice to defendant

In evaluating this factor, the Court considers whether "plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642. Limited delays and the pendency of a lawsuit are insufficient to establish prejudice. *Id.* However, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id.* at 643. This matter cannot proceed to trial without Plaintiff's participation, and Plaintiff has not complied with the requirements to effect service. *See* ECF No. 8. This factor supports dismissal.

**4. Availability of less drastic alternatives**

The Court has considered the availability of less drastic alternatives. As detailed above, the Court has previously issued two orders to show cause and has cautioned Plaintiff that non-compliance with court orders may lead to a recommendation to dismiss the action. The Court finds that lesser sanctions would be futile given Plaintiff's seeming unwillingness to participate in the litigation. The most severe approach would be to dismiss the action with prejudice, however the Court concludes that the less drastic alternative of dismissal without prejudice is appropriate. This factor weighs in favor of dismissal.

**5. Public policy favoring disposition of cases on the merits**

"Public policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643. This factor generally always weighs against dismissal, and some cases have stated it "strongly counsels against dismissal." *Allen v. Bayer Corp. (In re Phenylpropanolamine Prods. Liab. Litig.*), 460 F.3d 1217, 1228 (9th Cir. 2006). However, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* The Court finds this factor weighs against dismissal.

### III. Conclusion

The Court recommends that dismissal is appropriate pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 110 for Plaintiff's failure to prosecute this action.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. This action be dismissed without prejudice; and
2. The Clerk enter judgment and close this file.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

////

////

4

specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 14, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

5